IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07-cr-634 |
| | ) | |
| ANDRELL THOMAS SANDERS, | ) | **GOVERNMENT BRIEF** |
| | ) | **ON APPLICATION OF** |
| Defendant. | ) | **FIRST STEP ACT** |
| | ) | |

The United States of America, by and through its undersigned counsel, respectfully submits the following Brief in relation to application of the First Step Act to Sanders' sentence:

## Procedural History

1.     Pursuant to a written plea agreement, on June 27, 2008, Andrell Thomas Sanders pled guilty to an indictment that charged a conspiracy to distribute at least 50 grams of cocaine base, in violation of Title 21, United States Code, §§ 846, and 841(b)(1)(A), and possession with intent to distribute at least 50 grams of cocaine base, in violation of Title 21, United States Code, § 841(a)(1) and 841(b)(1)(A). (District Court Docket, hereinafter, "DCD," 2, 46.) Prior to the plea, under 21 U.S.C. § 851 the government filed an Information and Notice of Prior Convictions based on three prior drug felony convictions. (DCD 28.) In the plea agreement, Sanders stipulated to these prior convictions and that he distributed at least 50 grams of crack cocaine. (DCD 49, ¶ 6(a), 16-18.)

2.     The Presentence Report (PSR) found Sanders responsible for 324.85 grams of cocaine base. (DCD 64, ¶ 42.) His United States Sentencing Guideline (USSG) range was calculated as follows:

USSG §2D1.1 (3000 kg to 10,000 kg ME):   32

USSG §3E1.1 (acceptance):                        -3

1

Total Offense Level:                    29

(DCD 64 ¶¶ 50-60.) As a result, his range was Level 29/Criminal History V = 121-151 months in prison, however, because of the three prior felony drug conviction, his final statutory sentence became mandatory life imprisonment. (DCD 64 ¶¶ 108-109.) On October 28, 2008, Sanders was sentenced to a mandatory life imprisonment on both counts, to run concurrently. (DCD 62, 63.) On February 26, 2010, the district court granted a downward variance and reduced Sander's sentence to 205 months' imprisonment. (DCD 194.)

3.      On March 10, 2015, pursuant to 18 U.S.C. § 3583(c)(2), the district court granted in part, and denied in part, a motion for sentencing reduction pursuant to USSG Amendment 782, the policy statements in USSG §1B1.10, and relevant 3553(a) factors, and further reduced Sanders' sentence to 160 months' imprisonment. (DCD 226).[1]

## **Legal Authority**

4.      On December 21, 2018, the President signed the First Step Act of 2018, which, in part, made certain provisions of the Fair Sentencing Act of 2010 (FSA) retroactive to defendants who received mandatory minimum sentences prior to August 3, 2010 (*First Step Act*, Pub. Law No. 115-291, December 21, 2018). Specifically, Section 404(b) states a court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed. Section 404(c) describes some limitations on this retroactive application, stating that "[n]o court shall entertain a motion made under this section to

---

[1] The district court recalculated the advisory USSG range as Level 27/Criminal History V = 120-150 months' imprisonment.

2

reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

5.      The plain meaning of the First Step Act supports a limited application of the FSA. First, the district court must determine if the offense is a "covered offense." Under Section 404(a), a "covered offense" is a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act, that was committed prior to August 3, 2010. If a defendant was convicted of a "covered offense," then the district court may impose a reduced sentence as if section 2 or 3 were in effect at the time the covered offense was committed. *See*, Section 404(b). Any retroactive benefit to a defendant is limited to application of Section 2 and 3 as circumstances existed at the time the covered offense was committed.

6.      Section 2 of the FSA amended the threshold drug quantities in 841(b)(1)(A) from 50 to 280 grams of cocaine base, and in 841(b)(1)(B) from 5 to 28 grams of cocaine base. Other than as allowed by the First Step Act, the FSA is not retroactive. *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011) ("The Fair Sentencing Act was not retroactive …"); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010)(noting that the Fair Sentencing Act contains no express statement that it is retroactive). The First Step Act expressly stated an intent that only the amendments to the mandatory minimum thresholds for cocaine base in Section 2 and 3 are to be applied retroactively.

7.      In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.,* at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id.,* at 476. Based on similar principles, in *Alleyne v. United States*, 570 U.S 99, 108 (2013) the Supreme Court further held that facts that increase the mandatory minimum sentence are treated as elements and must be submitted to the jury and found beyond a reasonable doubt. However, neither *Apprendi* nor *Alleyne* have been found retroactive. *Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016).

8.      Under the current drug quantity tables, Sanders' USSG range would be calculated as follows:

| | |
|---|---|
| USSG §2D1.1 (280-840 grams cocaine base): | 30 |
| USSG §3E1.1 (acceptance): | -3 |
| Total Offense Level: | 27 |

This calculation would result in a USSG range of Level 27/Criminal History V = 120-150 months' prison.

9.      Under the First Step Act, Sanders' charges would be "covered offenses." The Indictment alleged a conspiracy to distribute at least 50 grams of cocaine base and possession with intent to distribute at least 50 grams of cocaine base, and possession with intent to distribute, both at the time of indictment, sufficient threshold quantities under § 841(b)(1)(A) . (DCD 2.) As amended by the First Step Act, § 841(b)(1)(A) now requires a threshold drug quantity of 280 grams of cocaine base. In this case, the undisputed drug quantity is no more than 324.85 grams. Unlike a motion under § 3583(c)(2), consideration of any reduction under § 3583(c)(1)(B) should look to

4

the plain language of the First Step Act, which does not reference any USSG Application Notes. The First Step Act directs a district court to consider a sentencing reduction as if Section 2 or 3 were in effect at the time the covered offense was committed. Applying these sections at the time Sanders' offense was committed, and looking to the language of the indictment, the finding of 324.85 grams of cocaine base, and his three prior felony drug convictions, Sanders would still qualify for a mandatory minimum 120 months' imprisonment under § 841(b)(1)(B). Yet, the First Step Act also stated that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

10.     In this case, the district court should consider exercising discretion, and impose a sentence of 160 months' imprisonment. There is no mandate that requires a district court to reduce every sentence. To the contrary, as expressly stated in the First Step Act, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." There is no question that Sanders has a history of recidivism, that includes had multiple (adult) drug convictions prior to the instant offense. (See PSR ¶¶ 61, 62, 63, 64, 66.)

11.     Since incarcerated, Sanders has received sanctions for disciplinary violations, including: 2018-Use of Drugs/Alcohol; 2018 (separate violation)-Use of Drugs/Alcohol; 2017-Possession of Unauthorized Item; 2012-Failure to Stand Count; and 2010-Possession of Intoxicants.

12.     Therefore, the district court should exercise discretion, and not further reduce Sanders' sentence. If the district court exercises discretion to reduce Sanders' sentence, then the government requests the district court consider a sentence above, but no lower than, the high end of the USSG advisory range of 150 months imprisonment, with a corresponding 49% downward departure.

WHEREFORE, for the reasons stated above, the government prays that the district court deny Sanders a sentencing reduction under the First Step Act.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By:     ***/s/ Richard D. Westphal***
Richard D. Westphal
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309-2053
(515) 473-9300
Rich.Westphal@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

___x___ECF/Electronic filing      _____Other means

UNITED STATES ATTORNEY

By: ***/s/ Richard D. Westphal***
    Richard D. Westphal